IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN § <br> (BOP Register No. 96396-004), § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> JOHN CORAWAY, § <br> § <br> Defendant. § | No. 3:18-cv-819-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Manetirony Clervrain, a federal prisoner, brings this *pro se* civil rights action against a purported federal official under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss Clervrain's amended complaint – and thus this action – with prejudice for his failure to state a claim on which relief may be granted.

**Applicable Background**

As recently recounted by another federal district court, Clervrain "is serving a sentence of 108 months for attempt and conspiracy to commit mail fraud. Since entering the federal prison system in 2011, Mr. Clervrain has filed more than thirty

cases in various federal courts across the country." *Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24, 2018) (citation omitted).

He initiated this action on April 4, 2018 by filing a Motion for Attempting to File a Complaint [Dkt. No. 3], through which he indicated that he seeks to bring a lawsuit against the Director of the Bureau of Prisons South Central Regional Office (in Grand Prairie, Texas, in this district), based, at least in part, on his claim that BOP participates "in an apartheid operation with different private institutions in violation of the constitution," *id.* at 1; *see also Clervrain v. United States*, No. 17-3194-SAC, 2017 WL 6209391 (D. Kan. Dec. 8, 2017) (bringing similar claims after an administrative claim was denied by the BOP's North Central Regional Office).

Interpreting this motion as a complaint, the Court entered a Notice of Deficiency on April 5, 2018 [Dkt. No. 4] (the "First NOD"), observing, in applicable part, that,

> [t]o begin, Plaintiff's complaint does not comply with the applicable pleading standards. Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).
>
> To remedy this deficiency, attached to this order is a form civil rights complaint – prisoner that Plaintiff shall complete, date and sign, and return to the Court no later than **May 7, 2018**. Any failure to do so will result in a recommendation that this action be dismissed for failure

to prosecute and obey orders of the Court. *See* FED. R. CIV. P. 41(b).

*Id.* at 1-2.

Clervrain failed to follow the Court's order. Instead, he responded to the First NOD

> by filing a Motion Regarding the Court Deficiency Order [Dkt. No. 10] and a Motion Regarding for Non-Privileged Matters Pursuant to Fed. R. Civ. P. 26(a)(b) [Dkt. No. 11]....
>
> Both Motions "Regarding" contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief. And because Clervrain has not "simply, concisely, and directly events" that he contends entitle him to relief, *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)), both motions are DENIED without prejudice to Clervrain filing an amended complaint on – or based on – the form complaint previously provided to him. That amended complaint must be filed no later than **June 4, 2018**. Failure to do to so will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court. *See* FED. R. CIV. P. 41(b).

Dkt. No. 14 (the "Second NOD") at 2-3.

The Court then granted in part Clervrain's request to extend the deadline to file an amended complaint, extending that deadline to July 5, 2018. *See* Dkt. No. 17. And Clervrain ultimately filed a 226-page amended complaint, which Clervrain declares he executed on June 23, 2018, but which the Court did not receive until July 26, 2018. *See* Dkt. No. 20.

## Legal Standards

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the

complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

As the Court twice already explained to Clervrain, dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are

none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Analysis

The lengthy amended complaint Clervrain ultimately submitted in this action appears to be substantially the same as the (227-page) complaint that he filed in at least one other federal district court, and, similar to the amended complaint here, that court described its complaint as containing the following

> non-inclusive list of claims, statutes, and topics Plaintiff touches on ... : the practice of apartheid within the Bureau of Prisons (BOP); price-gouging; illegal contract between BOP and the U.S. Postal Service; the False Claims Act; assault; retaliation; placement in segregation; hate crimes; lack of medical care; extortion; Violent Crime in Aid of Racketeering Act; misappropriation of a trade secret; unfair competition; the Telecommunications Act of 1996; unjust enrichment; understaffing; BOP is promoting homosexuality; the Transgender Offender Manual; the Treatment and Care of Inmates with Mental Illness program statement; free exercise of religion; the Second Chance Act; conjugal rights; anti-trust law violation; price-fixing; RICO violation; conspiracy; fraud; nutritionally inadequate food; slavery or involuntary servitude; prisoners should be paid minimum wage; illegal contract between BOP and private

> institutions; abusive transfers; and withholding legal mail.
>     Mr. Clervrain names one defendant, the Director of the North Central Regional Office of the Bureau of Prisons, Sara Revell. He requests the abolishment of apartheid in the federal prison system, the closure of all private correctional institutions, compensatory damages, and punitive damages.

*Clervrain v. Revell*, 2018 WL 5281366, at *1.

Turning to the substance of the amended complaint, while Clervrain brings a litany of claims supported by recitations of statutes and regulations, he fails to "plead facts sufficient to show that" those claims have "substantive plausibility," *Johnson*, 135 S. Ct. at 347, and thus allow the Court "to infer more than the mere possibility of misconduct" by the defendant, *Iqbal*, 556 U.S. at 679; *see also Clervrain v. Revell*, 2018 WL 5281366, at *2-*3 ("The Court finds that Plaintiff's complaint is subject to dismissal because it violates Rule 8 of the Federal Rules of Civil Procedure to such an extent that it fails to state an actionable claim.... Mr. Clervrain's complaint does not provide a short and plain statement of the claims he is asserting against Defendant that demonstrate he is entitled to relief. The complaint is virtually unintelligible, and, remarkably, given the length of the pleading, has a dearth of factual allegations. Instead, Mr. Clervrain quotes or paraphrases statutes, regulations, procedures, and manuals but never explains what the defendant did to him, when the defendant did it, and how he was harmed. As a result, Plaintiff fails to provide Defendant fair notice of the specific claims being asserted against her and the specific factual allegations that support each asserted claim." (citations omitted)); *Iqbal*, 556 U.S. at 679 ("[P]leadings that ... are no more than conclusions ... are not entitled to the assumption of truth.

[And, w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *cf. Amazon Tours, Inc. v. Quest Global Angling Adventures, L.L.C.*, No. 3:03-cv-2551-M, 2004 WL 1788078, at *1 (N.D. Tex. June 30, 2004) ("When considering a motion to dismiss, the Court accepts as true all well-pled allegations in the Complaint and views them in the light most favorable to the plaintiff. However, conclusory allegations or legal conclusions set forth as factual allegations will not prevent dismissal." (citations omitted)).

And, because both the First NOD and the Second NOD apprised him of this pleading deficiency, Clervrain, by filing a similarly deficient amended complaint, has now pleaded his best case. The Court should therefore dismiss his claims with prejudice for his continued failure to state a claim on which relief may be granted.

## Recommendation

The Court should dismiss Plaintiff Manetirony Clervrain's amended complaint [Dkt. No. 20] – and thus his action – with prejudice for failure to state a claim on which relief may be granted, and, in doing so, the Court should deny all pending motions as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 9, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE